**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | Case No. 25-07366 |
| | ) | In Chapter 11 |
| **ACCURADIO, LLC,** | ) | Honorable Michael B. Slade |
| | ) | |
| **Debtor.** | ) | |

**DEBTOR'S AMENDED PLAN OF
OF REORGANIZATION DATED ~~AUGUST 28~~DECEMBER 4, 2025**

**ARTICLE I**
*Summary*

This Plan of Reorganization ("Plan") under Chapter 11 of the Title 11 of the United States Code ("Bankruptcy Code") proposes to pay creditors of ACCURADIO, LLC, ("Debtor") from future revenues generated by the Debtor's business.

Generally, the Plan provides that all administrative creditors will be paid in full on the Effective Date unless otherwise agreed. Priority creditors will receive payment in full on the Initial Distribution Date. Allowed claims of fully secured creditors will receive 100% of their allowed claims plus ~~3~~7.5% simple interest which will be adjusted on a yearly basis. Creditors holding past due claims pursuant to executory contracts will receive a 100% of the claims *pro rata* on a quarterly basis over 2 years. The Plan payments will be treated as adequate assurance of cure of the past due amounts which allow for assumption of the agreements pursuant to the Plan. The allowed claims of the remaining unsecured creditors will receive the remaining disposable income *pro rata* after payment of the prior allowed claims which will result in approximately ~~52~~50% of their claims without interest. Equity security holders will not receive ~~a distribution~~any distributions.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

~~1~~

## ARTICLE II
*Classification of Claims and Interests*

| 2.01 | Class 1a | Secured Claims Arising from Statutory Royalties |
| --- | --- | --- |
| 2.02 | Class 1b | Unsecured Claims Arising from Statutory Royalties |
| 2.03 | Class 2 | Unsecured Past Due Amounts Owed Pursuant to Executory Contracts |
| 2.04 | Class 3 | General Unsecured Claims |
| 2.05 | Class 4 | Equity Interests in the Debtor |

## ARTICLE III
*Treatment of Administrative Expense Claims*
*And United States Trustee Fees*

3.01 <u>Unclassified Claims.</u> Under §1123(a)(1) of the Bankruptcy Code, administrative expense claims and priority tax claims are not in classes.

3.02 <u>Administrative Expense Claims.</u>

a. *Professional Fees Due Upon Confirmation.* To the extent that administrative expenses consisting of professional fees had been approved by the Bankruptcy Court and not paid by Debtor prior to confirmation of the Plan, each holder of an administrative expense claim allowed under §503 of the Bankruptcy Code will be paid in full on the Effective Date of this Plan (as defined in Article VIII) or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. For professional fees approved after the Effective Date and before the entry of a final decree, payment will be made on the fifteenth day after the entry of an order approving the fees.

b. *Final Fee Petitions.* All final requests for professional fee claims that arose prior to confirmation of the Plan will be filed within sixty (60) days of the Effective Date. Within fifteen (15) days of the entry of an order after notice and hearing approving the professional fees, Debtor shall pay the fees awarded in full unless otherwise agreed.

c. *United States Trustee Statutory Fees.* All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the entry of a final decree, the case is dismissed, or the case is converted to another chapter of the Bankruptcy Code. Any U.S. Trustee Fees owed before the Effective Date of the Plan will be paid on the Effective Date.

d. *Priority Claims.* All claims from taxing bodies will be paid in full on the Initial Distribution Date.

# ARTICLE IV
*Treatment of Claims and Interests Under the Plan*

4.01   Claims and interests shall be treated as follows under this Plan:

| Class | Description | Impairment | Treatment |
|---|---|---|---|
| 1a | Secured Claims Arising from Statutory Royalties | Impaired | The sole creditor in this class is SoundExchange ("SX"). SX will receive 100% of its allowed secured claim plus ~~3%~~ interest on a monthly basis over 5 years. The interest rate in the first year of the Plan shall be 7.5%. Each year during the term of the Plan on the anniversary of the Effective Date of the Plan, the interest rate shall be adjusted to comport with the prevailing prime rate of interest on that date. The payments to SX shall be amortized accordingly. However, in no event shall the rate of interest exceed 7.5%. Payments shall begin on the 15th day of the first calendar month after the Effective Date~~.~~ and continuing on the 15th day or each month thereafter until paid in full. Default provisions unique to SX are more fully set forth below. Upon ~~full~~ payment~~, SX~~ in full, creditor shall release its liens. |
| 1b | Unsecured Claims Arising from Statutory Royalties | Impaired | Allowed Claims in Class 1b will share *pro rata* with Class 3 the disposable income remaining after Plan payments are made to Classes 1a and 2. Payments will be made quarterly beginning on the Initial Distribution Date. Debtor estimates that Class 1b creditors shall receive approximately ~~52% of their Allowed Claims.~~ 50% of their Allowed Claims. If the total yearly payments to Class 1b is less than $500.00, the payments will not be made in that year and will be added to the distributions in the following year of the Plan with the exception of payments due in Year 5 of the Plan. |
| 2 | Claims Based on Past Due Amounts Owed Pursuant to Executory Contracts | Impaired | Holders of Allowed Claims shall receive a total of 100% of their allowed claims to be distributed *pro rata* on a quarterly basis for 2 years beginning on the Initial Distribution Date. Debtor will remain current on all post-petition amounts due. |

| Class | Description | Impairment | Treatment |
|---|---|---|---|
| 3 | General Unsecured Claims | Impaired | Allowed Claims in Class 3 will share *pro rata* with Class 1b the disposable income remaining after plan payments are made to Classes 1a and 2 beginning in Year 2 of the Plan. Payments will be made quarterly beginning on the first anniversary of the Initial Distribution Date. Debtor estimates that Class 3 creditors shall receive approximately ~~52~~50% of their Allowed Claims. |
| 4 | Equity Holders | Impaired | Membership interests in the Debtor will be canceled. |

4.02   All impaired classes are entitled to vote to accept or reject the Plan.

4.03   Section 1129(a)(10) of the Bankruptcy Code shall be satisfied for purposes of Confirmation by acceptance of this Plan by any of the impaired classes.

## ARTICLE V
*Purchase of Membership Interests in the Reorganized Debtor*

~~A consortium of bidders consisting of Kurt Hanson, John Gehron and Michelle Erikson~~ The consortium of bidders for the membership interests in the reorganized debtor consists of (1) Kurt Hanson, an insider of the Debtor who is the founder and Chief Executive Officer of the Debtor, (2) John Gehron, an insider of the Debtor who is the Chairman of the Debtor's Board of Directors; (3) Michelle Erikson, an insider of the Debtor who is a member of the Debtor's Board of Directors; and (4) Warren Schlichting, a non-insider of the Debtor who is a member of Debtor's Board of Advisors. (the "Bidders") or their corporate nominee, have offered to purchase 100% of the membership interests in the reorganized Debtor for total of $50,000.00. In exchange for the consideration identified herein, Bidders will be issued membership interests in the post-confirmation Debtor ("Reorganized Debtor") in percentages to be determined upon acceptance of the consortium's bid of the membership interests will be issued as soon as is practical after the Effective Date.  Bidders have submitted an earnest money deposit in the amount of $5,000.00, which is being held in Debtor's counsel's Client Trust Fund Account. All Creditors and the general public will have an opportunity to bid for membership interests in the Reorganized Debtor upon the same terms and conditions offered by the Bidders. In other words, if the bidder is more than one person or entity, they must bid in a block for 100% of the membership interests. No bids for less than 100% of the membership interests will be accepted. Competing bids for 100% of the membership interests will be made in accordance with the following procedures (as may be approved by the Bankruptcy Court not less than seven (7) days preceding the Confirmation Hearing (the "Bid Procedures"): The membership interests will only be sold in one block of 100% membership interests. Creditors will not be permitted to bid their claims as part of the purchase price. The Debtor will publish notice of the sale and the terms of the sale in a newspaper of general circulation at least twenty-eight (28) days prior to the hearing on confirmation of the Plan seeking qualified competing bids. To become qualified bidders for 100% of the membership interests in the Reorganized Debtor, bidders will be required to serve written notice of their intention to bid on counsel to the Debtor and will file a notice of intention to bid on the membership interests in the

Reorganized Debtor with the Bankruptcy Court without support documents. The notice of intention served on Debtor's counsel shall contain the bidder's name, address, financial statements and tax returns for the last two (2) years, the terms of the bid and a verified statement that if the bid is accepted, the bidder will agree to abide by the terms of the sale as described above and perform the obligations of the Plan. The written notice to Debtor's counsel must be accompanied by an earnest money deposit in the amount of $5,000.00 in the form of cashier's or certified check plus proof of funds for the balance of the purchase price and must be received by Debtor's counsel on or before the last day to file ballots accepting or rejecting the Plan. The failure to provide written notice within the time provided will conclusively be deemed a waiver of the opportunity to purchase 100% of the membership interests in the Reorganized Debtor. In the event that there are competing qualified bids for 100% of the membership interests in the Reorganized Debtor, the Court will hold an auction at the Confirmation Hearing. Competing bids will be offered at increments of $2,500.00. The successful bidder shall then be awarded 100% membership interests in Reorganized Debtor. Payment for the membership interests will be due on the fifteenth day after the Effective Date of the Plan and shall be tendered to Debtor's counsel. In the event that the successful bidder fails to make the required payment, then the bid will be deemed withdrawn, the earnest money will be deemed as forfeited to the Debtor, and the membership interests will be awarded to the next highest bidder.

The purchase price will be considered and used as a capital contribution to aid in the funding of the Plan.

## ARTICLE VI
### *Allowance and Disallowance of Claims and Estimation of Claims*

6.01    <u>Allowance of Claims.</u> After the Effective Date, and except as otherwise provided in this Plan, the Reorganized Debtor shall have all available rights and defenses that the Debtor had with respect to any Claim, including, without limitation, the right to assert any objection to Claims based on the limitations imposed by section 502 or section 510 of the Bankruptcy Code.

6.02    <u>Disallowance of Claims.</u> Any holders of claims disallowed pursuant to section 502(d) of the Bankruptcy Code, unless and until expressly allowed pursuant to this Plan, shall not receive any distributions under the Plan.

6.03    <u>Disputed Claim.</u> A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order and as to which either (a) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (b) the Debtor has scheduled the claim as disputed, contingent, or unliquidated and no proof of claim has been filed.

6.04    <u>Delay of Distribution on a Disputed Claim.</u> No distribution will be made on account of a disputed portion of a claim unless and until the disputed portion of the claim is allowed by a final non-appealable order.

6.05    <u>Settlement of Disputed Claims.</u> The Reorganized Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Bankruptcy Rule 9019.

6.06    Estimation of Claims. The Reorganized Debtor may, at any time, request that the Bankruptcy Court estimate any disputed claim pursuant to §502(c) of the Bankruptcy Code regardless of whether the Reorganized Debtor has previously objected to the claim. The Bankruptcy Court shall retain jurisdiction under 28 U.S.C. §1334 to estimate a claim whether for allowance or to determine the maximum amount of a claim during litigation concerning any objection to claim. In the event that the Bankruptcy Court estimates a disputed claim, the estimated amount may constitute either the amount of the allowed claim or a maximum limitation of the claim.

6.07 Cumulative Actions by Reorganized Debtor. Reorganized Debtor's objections to a claim or its request for estimation of a claim are cumulative and not necessarily exclusive of one another.

6.08    Settlement of Objections to Claim and Requests for Estimation of Claims. After confirmation of the Plan, the Reorganized Debtor may settle, compromise or otherwise resolve an objection to claim or request to estimate a claim without approval of the Bankruptcy Court.

## ARTICLE VII
### Treatment of Executory Contracts and Unexpired Leases

7.01    Court Approved Assumption of Unexpired Leases Prior to the Effective Date. Upon confirmation, the Bankruptcy Court shall enter an order approving Debtor's assumption of an unexpired lease for the non-residential real property commonly known as 10 W. Hubbard St., Suite 2D, Chicago, Illinois.

7.02    Assumption of Executory Contracts.

a.  Upon confirmation, Debtor assumes executory contracts with the following parties ("Assumed Licenses"):

1. Amazon Web Services;
2. ASCAP (American Society of Composers, Authors and Publishers);
3. BMI (Broadcast Music, Inc.); and
4. SOCAN (Society of Composers, Authors and Music Publishers of Canada).

b.  As of the date of the filing of the case, Debtor was in default with respect to the Assumed Licenses. Reorganized Debtor provides adequate assurance of cure of the defaults pursuant to the Plan. Holders of claims based on Assumed Licenses shall receive a distribution pursuant to Class 2 of the Plan.

c.  The Confirmation Order shall constitute an order of the Bankruptcy Court approving assumption of the Assumed Licenses.

7.03    Terms of Assumed Unexpired Leases and Assumed Licenses Restricting Assumption. To the extent that any provision in an Assumed Unexpired Lease or Assumed License prohibits, restricts, conditions or deems the agreement terminated by; (a) the commencement of a Chapter 11 case or the insolvency or financial condition of the Debtor; (b) assumption of an

executory contract; or (c) the confirmation of this Plan, then the provision(s) shall be deemed modified to prohibit the non-debtor party from terminating the Unexpired Lease or Assumed License. Any term in the Unexpired Lease and Assumed Licenses to the assumption and assignment thereof shall be deemed satisfied.

7.04    Rejection of Executory Contracts. Debtor conclusively rejects all executory contracts or unexpired leases not expressly assumed prior to the Effective Date of the Plan. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed by the Initial Distribution Date of the Plan. Any allowed claim arising from the rejection of an executory contract shall be treated as a Class 4 General Unsecured Claim. If a person or entity fails to file a proof of claim for rejection damages as set forth in this section, then the person or entity holding the claim shall be barred from asserting the claim and shall not be entitled to a distribution under the Plan.

## ARTICLE VIII
*Provisions Governing Distributions*

8.01    Source of Payments. Other than the capital investment from the sale of the membership interests in the Reorganized Debtor, the source of payments will be the future receipts of the Reorganized Debtor after payment of expenses.

8.02    Disbursing Agent. The Disbursing Agent shall be Tracey Karm.

8.03    The Effective Date. The Effective Date ("Effective Date") of the Plan will be the fifteenth business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order is not vacated.

8.04    The Initial Distribution Date. The Initial Distribution Date ("Initial Distribution Date") will be thirtieth day after the Effective Date.

8.05    Minimum Distributions. The Disbursing Agent shall not be required to make distributions or payments of less than $25.00 at any timing interval during the term of the Plan. If periodic *pro rata* Plan payment is less than $25.00, it will be held and applied together with the next periodic *pro rata* Plan payment until the total payment due exceeds $25.00.

8.06    Grace Period. The Disbursing Agent shall have a grace period of thirty (30) days from and after the due date of any payment within which to make payment provided for hereunder and utilization of that grace period shall not constitute a default under the Plan.

8.07    No Interest. Unless specifically provided for in this Plan, post-petition interest shall not accrue upon a claim or shall be paid on a claim.

8.08    Delivery of Distributions in General. The Disbursing Agent shall make distributions to the creditors in each class as described in Article IV. The address for creditors entitled to a distribution under the Plan shall be deemed to be the address set forth in the schedules of the Debtor or in the latest proof of claim filed by the creditor, if any.

8.09    Lapsed Distributions. Any distribution that has not been cleared within ninety (90) days of the date of the distribution will lapse. Lapsed distributions will revert to the Reorganized Debtor.

      8.10    <u>Unclaimed Distributions.</u> If any distribution is returned as undeliverable, no further distributions to such creditor will be made unless the Reorganized Debtor is notified in writing of the creditor's current address.  Upon receipt of the notification, the Reorganized Debtor will remit all missed distributions to the creditor without interest. All claims for undeliverable distributions must be made on or before the second anniversary of the Effective Date of the Plan. If a claim is not made within that time, all unclaimed distributions will revert to the Reorganized Debtor.  If mail to a creditor containing a distribution is returned as undeliverable, Debtor shall make a reasonable commercial effort to locate an alternative address for the creditor.

      8.11    <u>Post-Petition Adjustments.</u>

      a.    *Purchase of Claims.* The Reorganized Debtor shall have the right to purchase or otherwise acquire the Claims of any creditor, provided that any offer to purchase or otherwise acquire such claim shall be made to all the creditors in the same class.

      b.    *Prepayment.* Reorganized Debtor reserves the right to offer prepayment of claims to creditors before the expiration of the Plan without penalty or premium. Reorganized Debtor shall offer prepayment to all members of a class. A creditor's acceptance of prepayment shall be purely voluntary. The prepayment to an accepting creditor shall be conditioned upon it has no effect or impairment of the Reorganized Debtor's ability to satisfy its obligations under the Plan.

## ARTICLE IX
### *Conditions Precedent to Consummation of the Plan*

      The following conditions precedent may affect the occurrence of the Effective Date: (1) failure to obtain confirmation; (2) modification of the Plan which requires approval of the court; (3) the Order of Confirmation is not vacated, amended, modified or stayed; or (4) the Order of Confirmation is the subject of any appeal, reconsideration or other review.

## ARTICLE X
### *Default*

      10.01    <u>Event of Default.</u>  The occurrence of any one or more of the following events shall constitute an "Event of Default" under this Plan:

      a.    If any payment due under Article IV is not paid in full on or before the date on which such payment is due and the expiration of the Grace Period set forth in Article 8.06.

      b.    If any payment due to SX pursuant to post-confirmation use of the statutory licenses as set forth in 17 U.S.C. §112€ and 114 and any applicable regulations (*see* 37 C.F.R. §§ 380, 382, 383, or 384 and any successor regulations), is not paid in full on or before sixty (60) days after the date on which such payment is due.

      c.    If Debtor fails to comply with any other provisions of the confirmed Plan.

10.02   Remedies.

a.      Following the occurrence of an Event of Default under Section 10.01(a) with respect to Classes 1a or 1b or under Section 10.01(b), SX shall have the right to immediately file a notice of default with the Court which shall automatically terminate any stay under the Bankruptcy Code related to the claims in Classes 1a and 1b. Further, immediately upon filing of the notice of default pursuant to this section, Debtor shall be: (i) immediately enjoined from and shall cease utilizing the aforementioned statutory license(s), and (ii) deemed to have no protection or benefit from of the aforementioned statutory license(s) to the extent copyrighted sound recordings are publicly performed via digital audio transmissions(s), copied, disseminated, and/or streamed by Debtor at any time following Debtor's default.

b.      Following the occurrence of an Event of Default under Section 10.01(a) with respect to Classes 2, 3, or 4, the creditors in such Class who did not receive payment shall have the right to immediately file a notice of default with the Court which shall automatically terminate any stay under the Bankruptcy Code related to the claims in such Class.

c.      Following the occurrence of an Event of Default under Section 10.01(c), any creditor shall have the right to file a notice of default with the Court which shall terminate any stay under the Bankruptcy Code with respect to such creditor if the Debtor does not file a notice of cure of such.

10.03   Force Majeure.  Debtor shall not be deemed to be in default for any delay or failure in performance under Section 10.01(c) resulting directly or indirectly from (i) acts of God, (ii) pandemics, (iii) civil or military authority, (iv) war, (v) riots, (vi) large-scale national, state and/or local civil disturbances, that materially impact AccuRadio's operations, (vii) industry-wide accidents, (viii) fire, (ix) earthquake, (x) floods, (xi) industry-wide strikes, (xii) industry-wide lock-outs, (xiii) industry-wide labor disturbances that materially impact AccuRadio's operations, (xiv) and/or foreign or governmental order(s) that materially impact AccuRadio's operations.

## ARTICLE XI
*Release, Discharge, injunction, Vesting of Assets and
Related Provisions*

~~10.01~~ 11.01  General. Pursuant to Sections 363 and 1123 of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the classification, distributions, releases and other benefits provided under this Plan, upon the Effective Date, the provisions of this Plan shall constitute a good faith compromise and settlement of all claims, equity interests and controversies resolved pursuant to this Plan. The entry of the Confirmation Order shall constitute the Bankruptcy Court's (a) approval of the compromise or settlement of all claims, equity interests and controversies; (b) finding that the compromise or settlement of all claims, equity interests and controversies is in the best interests of the Debtor, its creditors and equity interests; and (3) that the Plan is fair, equitable and reasonable.

10.02 -11.02  Discharge. On the Effective Date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the Effective Date, to the extent specified in §1141(d)(1)(A) of the Bankruptcy Code. However, Debtor shall not be discharged of any debt (i) imposed by the Plan, (ii) contained in a Confirmation Order; (iii) of a kind specified in §1141(d)(6)(A) if a timely complaint was filed in accordance with Bankruptcy Rule 4007(c), or (iv) of a kind specified in §1141(d)(6)(B). After the Effective Date of the Plan, claims against the Reorganized Debtor will be limited to the debts described in clauses (i) through (iv) of the preceding sentence. Debtor shall be deemed discharged and released to the fullest extent provided under Sections 524 and 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code from any and all claims, demands and liabilities that arose before confirmation of the Plan. Notwithstanding the foregoing, and anything to the contrary in this Plan, Debtor shall not be discharged from the secured lien of SX until the Claims in Class 1a are paid in full pursuant to the Plan.

10.03  11.03  Injunction.  Except as otherwise expressly provided in this Plan or the Confirmation Order, all persons and entities are, to the fullest extent provided under section 524 and other applicable provisions of the bankruptcy code, permanently enjoined from: (a) commencing or continuing, in any manner or in any place, any suit, action or other proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any lien or encumbrance of any kind; (d) asserting a setoff or right of subrogation or recoupment of any kind; or (e) commencing or continuing in any manner any action or other proceeding of any kind, in each case on account of or with respect to any claim, demand, liability, obligation, debt, right, cause of action, equity interest, or remedy released or discharged pursuant to this Plan or the Confirmation Order.

10.04  11.04   Binding Nature of the Plan. On the Effective Date, this Plan shall be binding upon the Debtor, holders of claims against the Debtor and holders of pre-petition equity interests in the Debtor.

10.05  11.05   Vesting of Assets. On the Effective Date of the Plan, Debtor's right, title and interest in and to its assets shall vest in the Reorganized Debtor.

## ARTICLE XIXII
### Retention of Jurisdiction

Pursuant to sections 105(c) and 1142 of the Bankruptcy Code and notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall, on and after the Effective Date, retain exclusive jurisdiction over the Chapter 11 case with respect to all matters arising out of or related to the Chapter 11 case, the Debtor and this Plan as legally permissible, including, without limitation, jurisdiction to:

11 12.01	Resolve any and all objections to claims and requests to estimate claims.

11 12.02	Determine all questions and disputes regarding all causes of action, controversies, disputes or conflicts, whether or not subject to pending actions as of the Effective Date, between (a) the Debtor and any other party, or (b) otherwise under the Plan, the Confirmation Order or any other order issued by the Bankruptcy Court in connection with this Chapter 11 Case.

~~11~~12.03    Correct any defect and the curing of any omission or inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan.

~~11~~12.04    Modify the Plan after confirmation pursuant to the Bankruptcy Code and the Bankruptcy Rules.

~~11~~12.05    Allow claims and applications for payment of Administrative Claims and professional fees and expenses which may be paid by the Debtor or its estate pursuant to the provisions of the Bankruptcy Code, and resolution of all disputes pertaining thereto.

~~11~~12.06    Enter a Final Order confirming substantial consummation of the Plan and closing the Chapter 11 Case.

## ARTICLE ~~XII~~XIII
### *General Provisions*

~~12~~13.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Code are used in this Plan. These definitions are supplemented by the following definitions:

a.    ~~(a)~~   The Effective Date ("Effective Date") of the Plan will be the fifteenth business day following the date of the entry of the Order of Confirmation. But if a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order is not vacated.

b.    ~~(b)~~   The Initial Distribution Date ("Initial Distribution Date") will be the thirtieth day after the Effective Date.

~~(c)~~.    The "Reorganized Debtor" shall refer to the Debtor as an entity created upon the entry of an order confirming the Plan.

~~12~~13.02    Conflicts. In the event that a provision of the Disclosure Statement (including any and all exhibits and attachments thereto) conflicts with a provision of this Plan or the Confirmation Order, the provision of this Plan and the Confirmation Order (as applicable) shall govern and control to the extent of such conflict. In the event that a provision of this Plan conflicts with a provision of the Confirmation Order, the provision of the Confirmation Order shall govern and control to the extent of such conflict.

~~12~~13.03    Modification of the Plan. Subject to the limitations and rights contained in this Plan (a) the Debtor reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify this Plan prior to the entry of the Confirmation Order in accordance with section 1127(a) of the Bankruptcy Code; and (b) after the entry of the Confirmation Order, the Debtor, upon order of the Bankruptcy Court, amend or modify this Plan in accordance with section 1127(b) of the Bankruptcy Code or to remedy any defect or omission or reconcile any inconsistency in this Plan in such manner as may be necessary to carry out the

purpose and intent of this Plan. A holder of a claim that has accepted this Plan shall be deemed to have accepted the Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the claim of the holder.

~~12~~13.04   Severability. If, prior to Confirmation, any term or provision of this Plan is determined by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable. Notwithstanding any term altered pursuant to this section, the remainder of the terms and provisions of this Plan shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

~~12~~13.05   Binding Effect. This Plan shall be binding upon and inure to the benefit of the Debtor, the Reorganized Debtor, all present and former holders of claims and equity interests, other parties-in-interest, and their respective heirs, executors, administrators, successors, and assigns.

~~12~~13.06   Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Illinois govern this Plan and any agreements, documents and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

~~12~~13.07   Corporate Governance. Debtor proposes to issue one class of shares in the Reorganized Debtor.  Therefore, pursuant to §1123(a)(6) of the Bankruptcy Code, Debtor will not issue nonvoting equity securities.  The single class of securities will have the power to vote in the governance of the Debtor.

~~12~~13.08   Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

Dated this ~~28th~~__ day of ~~August~~December, 2025~~__~~.   Respectfully submitted:

                                              AccuRadio, LLC,

By: _____
      Kurt Hanson
      Chief Executive Officer

By: /s/ *Beverly A. Berneman*_____
      Beverly A. Berneman
      One of its attorneys

Derek D. Samz (ARDC #6290656)
Beverly A. Berneman (ARDC #6189418)
Robert R. Benjamin (ARDC #0170429)
GOLAN CHRISTIE TAGLIA LLP

Attorneys for the Debtor
70 W. Madison, Ste. 1500
Chicago, IL 60602
P: 312-263-2300
F: 312-263-0939
ddsamz@gct.law
baberneman@gct.law
rrbenjamin@gct.law